```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

```
CECIL JOHNSON,                     )
                                   )
                                   )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )    No. 12-2118
                                   )
BELVEDERE GARDENS CONDOMINIUMS     )
ASSOCIATION, INC. et. al,          )
                                   )
     Defendants.                   )
```

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND REFERRING REQUEST FOR COSTS AND ATTORNEY'S FEES

Before the Court is Defendants Belvedere Gardens Condominiums Association, Inc., Barbara (Williams) Hasting, JoAnn Lewallen, and Dinkenspiel, Rassmussen & Mink P.L.L.C.'s May 3, 2013 Motion to Dismiss.  (Mot. to Dismiss, ECF No. 55); (Mem. in Supp. of Defs.' Mot. to Dismiss, ECF No. 55-1.) Plaintiff Cecil Johnson ("Johnson") responded on May 12, 2013. (Mem. in Opp. to Defs.' Mot. to Dismiss, ECF No. 56) ("Johnson's Mem.")  Defendants seek dismissal based on Johnson's failure to follow the Court's April 12, 2013 Order.  They seek an award of costs and attorney's fees.  For the following reasons, Defendants' Motion to Dismiss is DENIED.  Defendants' request

for costs and attorney's fees is referred to the Magistrate Judge for determination.

On April 12, 2013, the Magistrate Judge entered an order compelling Johnson to produce several items. (April 12 Order, ECF No. 44.) Johnson failed to comply with the April 12 Order. He claims that the discovery responses had been prepared but were never produced because they had been misplaced. Johnson claims that "additional discovery is being furnished to the Defendants simultaneously with the filing of this response." (Johnson's Mem. 1.)

Federal Rule of Civil Procedure 37(b)(2) permits a court to make "such orders . . . as are just" with regard to a party's failure "to obey an order to provide . . . discovery." Regional Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 153 (6th Cir. 1988); see also Smith v. Nationwide Mut. Fire Ins. Co., 410 F. App'x 891, 894 (6th Cir. 2010). Examples of orders that may be just, depending on the circumstances, are orders "dismissing the action or proceeding or any party thereof." Fed. R. Civ. P. 37(c)(1)(C).

Defendants argue that dismissal is warranted by Johnson's failure to comply with the April 12 Order, which they argue explicitly warns Johnson that dismissal would be ordered if he failed to comply. Johnson argues that his failure to comply was based on an honest mistake and does not prejudice Defendants.

2

The Sixth Circuit has said that "dismissal of an action for failure to cooperate in discovery is <u>a sanction of last resort</u> that may be imposed only if the court concludes a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault."  <u>See</u> <u>Bank One of Cleveland v. Abbe</u>, 916 F.2d 1067, 1073 (6th Cir. 1990); <u>see also</u> <u>Regional Refuse Sys.</u>, 842 F.2d at 154 ("Dismissal of an action for failure to cooperate in discovery is a sanction of last resort.").  Courts must consider less drastic sanctions before extreme sanctions are considered. <u>See</u> <u>Regional Refuse</u>, 842 F.3d at 154.

There is no evidence that Johnson acted willfully or in bad faith.  Johnson's failure to comply with the April 12 Order has not substantially prejudiced Defendants; all pending scheduling deadlines have been vacated and trial is not scheduled until August, 2013.  (ECF No. 53.)  Johnson promptly corrected the discovery error after the filing of Defendants' Motion. Dismissing Johnson's Complaint would not serve the policies underlying Rule 37, particularly the goal of deterring "those who might be tempted" to engage in conduct warranting sanction. <u>See</u> <u>Regional Refuse</u>, 842 F.2d at 154 (citation omitted). Mistakes, if promptly corrected and not substantially prejudicial to the opposing party, should not be punished with extreme sanctions.

Defendants' Motion to Dismiss is DENIED.

3

Defendants' request for costs and attorney's fees is referred to the Magistrate Judge for determination, considering the entire history of this case.

So ordered this <u>14th</u> day of May, 2013.

s/ Samuel H. Mays, Jr._____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
