```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

```
CECIL JOHNSON,                     )
                                   )
                                   )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )      No. 12-2118
                                   )
BELVEDERE GARDENS CONDOMINIUMS     )
ASSOCIATION, INC., et al.,         )
                                   )
     Defendants.                   )
```

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are the May 28, 2013 *ore tenus* Motion to Dismiss (the "Motion") made by Defendants Belvedere Gardens Condominiums Association, Inc. ("Belvedere Gardens"), Barbara (Williams) Hastings ("Hastings"), Joann Lewallen ("Lewallen"), and Dinkelspiel Rasmussen & Mink, PLLC (the "Law Firm") (collectively, "Defendants") and the Magistrate Judge's May 28, 2013 Report and Recommendation (the "Report"). (Report, ECF No. 66.)  Plaintiff Cecil Johnson ("Johnson") has not objected to the Magistrate Judge's Report and the time for doing so has passed.  See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of the Magistrate Judge's Report], any party may serve and file written objections to such

proposed findings and recommendations as provided by rules of court."). The Magistrate Judge recommends that the Motion be granted, and that: (1) all claims against Hastings, Lewallen, and the Law Firm, as well as all race-based discrimination claims under the Fair Housing Act, 42 U.S.C. §§ 3601, et seq., be dismissed with prejudice for failure to state a claim upon which relief can be granted; and (2) Hastings, Lewallen, and the Law Firm be dismissed as parties to this action. For the following reasons, the Court ADOPTS the Report of the Magistrate Judge. Defendants' Motion to Dismiss is GRANTED.

Congress intended 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made.

2

Thomas v. Arn, 474 U.S. 140, 150 (1985).  The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed.  Id. at 151.

Johnson has not objected to the Magistrate Judge's Report.  The deadline for objecting, which was explicitly referenced in the Report, has passed.  Because Johnson has failed to object, Arn counsels the Court to adopt the Report in its entirety.  Id. Adopting the Report is consistent with the policies underlying § 636, specifically judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks."  Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Report is ADOPTED and Defendants' Motion is GRANTED.

So ordered this 2d day of July, 2013.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE