IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

CECIL JOHNSON,                      )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )
                                    )   No. 12-cv-2118-SHM-tmp
BELVEDERE GARDENS CONDOMINIUM       )
ASSOCIATION, INC.,                  )
BARBARA WILLIAMS HASTINGS,          )
JOANN LEWALLEN, and                 )
DINKELSPIEL RASMUSSEN & MINK,       )
PLLC,                               )
                                    )
    Defendants.                     )

_____

## REPORT AND RECOMMENDATION
_____

Before the court by order of reference is defendants Belvedere Gardens Condominium Association, Inc. ("Association"), Barbara Williams Hastings, JoAnn Lewallen, and the law firm of Dinkelspiel, Rasmussen and Mink PLLC's ("Law Firm") (collectively, the "defendants") Motion for Sanctions Pursuant to Rule 11, filed on February 14, 2013.[1] (ECF No. 37.) Plaintiff Cecil Johnson filed

---

[1] On May 28, 2013, the parties appeared before the undersigned Magistrate Judge for a hearing on pending motions, at which time the defendants made an *ore tenus* motion to dismiss defendants Hastings, Lewallen, and the Law Firm, and dismiss any race-based discrimination claims under the Fair Housing Act, 41 U.S.C. § 3601 <u>et seq.</u>, for failure to state a claim. On that same date, the undersigned submitted a Report and Recommendation, which recommended granting defendants' *ore tenus* motion to dismiss with prejudice. None of the parties filed objections to the Report and Recommendation. On July 2, 2013, the District Judge adopted the Report and Recommendation. (ECF No. 71.)

a response in opposition to the defendants' motion on April 10, 2013. (ECF No. 43.) The defendants filed a reply to Mr. Johnson's response on April 15, 2013. (ECF No. 46.) For the reasons below, it is recommended that the defendants' motion be granted in part and denied in part.

## I. PROPOSED FINDINGS OF FACT

Cecil and Ruby Johnson, who are African-American, are married and jointly own a condominium located at 91 North Belvedere Boulevard, Unit #15, in Memphis, Tennessee ("condo").[2] The condo is a unit in the Belvedere Gardens Condominium Complex, and by virtue of their ownership of the condo, the Johnsons are members of the Association. The Johnsons are subject to the Master Deed governing the Association, including regulations regarding pets. Under the Association's regulations, pets must be under twenty pounds in weight and fourteen inches in height, and dogs of a vicious nature are not permitted on the premises.

Following multiple complaints of incidents involving the Johnsons' two dogs, an Akita and a German Shepherd (collectively, the "dogs"), the Association filed suit against Mrs. Johnson in the Circuit Court of Shelby County, Tennessee. <u>Belvedere Gardens Condominium Association, Inc. v. Johnson</u>, No. CT-002982-11 ("Mrs. Johnson's case"). Specifically, the Association sought a restraining order and a permanent injunction to remove the dogs

---

[2]The parties dispute whether the Johnsons still own the condo.

because their size and weight well exceeded the limits set forth in the regulations, and various individuals had complained about incidents involving the dogs' violent nature. Mr. Johnson was not named as a defendant in Mrs. Johnson's case because he was under the protection of Chapter 13 bankruptcy at the time. The Law Firm, through attorney Jim Evans, represented the Association. Mrs. Johnson defended herself *pro se*. Although Mr. Johnson was not a party, he was actively involved in assisting his wife with defending the case. On June 23, 2011, the Circuit Court issued a temporary restraining order, requiring Mrs. Johnson to remove the dogs from the condo. On July 22, 2011, the Circuit Court issued a temporary injunction, again ordering Mrs. Johnson to immediately remove the dogs from the condo. In response to the temporary injunction, Mrs. Johnson filed a motion asserting that Mr. Johnson had a disability and that the dogs were service animals that provided assistance to Mr. Johnson.

While the state lawsuit was pending, on February 10, 2012, Mr. Johnson (who apparently by this time was no longer in bankruptcy proceedings) commenced the instant case by filing a *pro se* complaint in the Western District of Tennessee. Mr. Johnson sued four defendants: the Association, Barbara Hastings (the former property manager at the Belvedere Gardens Condominium Complex), JoAnne Lewallen (the Association's treasurer), and the Law Firm. Three days later, on February 13, 2012, the Johnsons filed a

complaint with the Tennessee Human Rights Commission ("THRC"), alleging race and disability-status discrimination in violation of Tennessee law.³ On March 1, 2012, the THRC sent two letters to the Association: one providing notice to the Association that the Johnsons had filed a discrimination complaint, and the other requesting that the Association refrain from pursuing any legal action pending the outcome of the THRC's investigation of the Johnsons' discrimination complaint.

The Association, however, did not refrain from pursuing its state court action against Mrs. Johnson. A trial was held in Circuit Court on April 23, 2012. On May 1, 2012, the Circuit Court entered judgment in favor of the Association, ordering the dogs permanently removed from the condo and awarding the Association attorney's fees and costs in the amount of $15,294.92. The Circuit Court specifically found that "[t]here was no evidence to establish that Mrs. Johnson or any member of her household is disabled and needed a service animal." The court further found that "there was no evidence to establish that [the Association] discriminated against Mrs. Johnson in enforcing the Master Deed and Rules and Regulations." Mrs. Johnson timely appealed. Currently, the appeal remains pending before the Tennessee Court of Appeals.⁴

---

³Tenn. Code Ann. § 4-21-601.

⁴Subsequently, the THRC sent the Johnsons a Notice of Administrative Closure on March 19, 2013, citing Mrs. Johnson's completed case as the reason the THRC terminated its investigation of the Johnsons'

-4-

Despite the Circuit Court's orders, Mrs. Johnson did not remove the dogs from the condo. As a result, Evans filed a petition for contempt on May 29, 2012, accompanied by an affidavit from Lewallen, which attested to Mrs. Johnson's noncompliance. In his petition, Evans requested that Mrs. Johnson be ordered to comply with the injunction, fined $100.00 for every day of noncompliance, imprisoned for no less than ten days, and ordered to pay attorney's fees associated with filing the contempt petition.

In the instant federal action, Mr. Johnson alleges that the Association retaliated and discriminated against him on the basis of his disability, in violation of Title III of the Americans with Disabilities Act ("ADA"),[5] the Fair Housing Act ("FHA"),[6] and the Rehabilitation Act.[7] Mr. Johnson alleges that a motorcycle accident and hip replacement surgery have limited his mobility, and the Association discriminated against him on the basis of that disability by failing to provide a reasonable accommodation, i.e. allowing him to use his dogs. While the dogs' size and weight exceed the permissible pet specifications provided in the Association's regulations, Mr. Johnson alleges that the dogs are service animals because they assist him with balance and mobility.

---

discrimination complaint.

[5] 42 U.S.C. § 12182.

[6] 42 U.S.C. § 3604(f).

[7] 29 U.S.C. § 794.

Thus, Mr. Johnson believes he should be allowed to keep the dogs at the condo. The essential facts giving rise to Mr. Johnson's federal claims are the same facts raised and litigated in Mrs. Johnson's case.

In addition, Mr. Johnson alleges in his complaint that Hastings stole money paid by homeowners as membership dues to the Association. Hastings also allegedly removed certain records that tracked payments made by each tenant. Mr. Johnson alleges that the Association required him to repay dues that Hastings had stolen, while a "Mr. Campbell," a Caucasian homeowner at Belvedere Gardens, was granted a reduction in his past due payments. This is the extent of Mr. Johnson's reference to potential race-based discrimination in the complaint.

With respect to his claims against the Law Firm, Mr. Johnson alleges that Evans wrongfully continued to litigate the case against Mrs. Johnson even though he was notified that the dogs were service animals. Mr. Johnson also adds that the Law Firm "threatened to take [his] home because of [his] service dogs," and the Law Firm "forced [Mr. and Mrs.] Johnson to move out of their home on July 15, 2012." (ECF No. 1.)

On December 17, 2012, attorney Gerald Green filed a notice of appearance as counsel for Mr. Johnson. The next day, counsel for the defendants, attorney Robin Rasmussen, sent Green a letter with

two potential Rule 11 motions enclosed.[8]  Mr. Johnson and Mrs. Johnson were deposed on January 2 and 3, 2013, respectively.  On January 9, 2013, Green sent an email to Rasmussen, informing her that he advised Mr. Johnson to dismiss the claims based on the repayment of homeowner dues and dismiss the Law Firm and individually named defendants.  Green added that he did not presently have the authority to dismiss any of the defendants, "but may have such authority in the near future."  (ECF No. 37-14, Ex. 13.)  The following day, Rasmussen responded to Green's email with a detailed email requesting that the case be dismissed and reiterated the possibility of sanctions under Rule 11.  Rasmussen did not hear back from Green.  As a result, on February 14, 2013, the defendants filed the instant motion for sanctions pursuant to Rule 11.

## II. PROPOSED CONCLUSIONS OF LAW

As a preliminary matter, the court notes that although Mr. Johnson is now represented by counsel, he initially filed his complaint as a *pro se* plaintiff.  Pleadings filed by *pro se* litigants are to be "construed more liberally than pleadings drafted by lawyers."  Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992); Franklin v. Nusbaum, No. 1:11CV1848, 2013 WL 587570, at

---

[8]Because the defendants served Mr. Johnson with the proposed Rule 11 motion approximately eight weeks before the motion was filed, the defendants have satisfied the "safe harbor" provision set forth in Rule 11(c)(2).

*2 (N.D. Ohio Feb. 13, 2013) (noting that affording plaintiff's briefs a liberal interpretation is appropriate for *pro se* filings). However, "*pro se* plaintiffs are not automatically entitled to take every case to trial," Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996), and "the lenient treatment of *pro se* litigants has limits," Combs v. Taylor Cnty. Det. Ctr., No. 1:13CV-8-R, 2013 U.S. Dist. LEXIS 63564, at *2 (W.D. Ky. May 3, 2013) (quoting Pilgrim, 92 F.3d at 416) (internal quotation marks omitted). These limits include the duties placed on unrepresented parties by Rule 11. See Fed. R. Civ. P. 11(a),(b); see also Nuckols v. Grace Ctrs. of Hope, No. 07-13735, 2007 WL 4454298, at *2 (E.D. Mich. Dec. 14, 2007) (quoting Stevens v. Mooney, No. 95-1757, 1996 WL 125048, at *1 (6th Cir. Mar. 20, 1996)) ("*pro se* litigants must comply with Rule 11 and make a reasonable inquiry as to whether a complaint is well-grounded in fact and warranted by existing law").

Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for

>establishing new law;
>
>(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Subsection (c)(4) of Rule 11 describes the sanctions that the court may impose for violations of the rule:

>A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4).

In the Sixth Circuit, motions for sanctions under Rule 11 are "measured against an objective standard of reasonableness under the circumstances." Gibson v. Solideal USA, Inc., 489 F. App'x 24, 29 (6th Cir. 2012) (quoting Merritt v. Int'l Ass'n of Machinists and Aerospace Workers, 613 F.3d 609, 626 (6th Cir. 2010)) (internal quotation marks omitted); see also Balfour Guthrie v. Hunter Marine Transp., 118 F.R.D. 66, 73 (M.D. Tenn. 1987) ("Attorney conduct is evaluated in light of what a competent attorney would reasonably have believed at the time the pleading, motion, or paper was filed."). Rule 11 imposes a continuing duty, and litigants must

-9-

refrain from pursuing meritless or frivolous claims as the litigation progresses. Dearborn St. Bldg. Assocs. v. Huntington Nat'l Bank, 411 F. App'x 847, 850 (6th Cir. 2011) (citing Merritt, 613 F.3d at 626). Given that the Sixth Circuit applies an objective standard of reasonableness under the circumstances, "an individual's subjective good faith belief in the merits of a case is not enough to prevent a violation of Rule 11 and possible Rule 11 sanctions." Brooks v. Whirlpool Corp., No. 1:10-cv-01098-JDB-cgc, 2011 WL 3684774, at *2 (W.D. Tenn. Aug. 23, 2011) (citing Tahfs v. Proctor, 316 F.3d 584, 594 (6th Cir. 2002)). Sanctions may be imposed on a represented plaintiff if at the time the sanctionable paper was filed, the plaintiff was a *pro se* litigant See Brooks, 2011 WL 3684774, at *3. While the signer's inexperience will not excuse his violation of Rule 11, it may affect the severity of the penalty imposed. Id.

In the instant motion for sanctions, the defendants make numerous arguments for the imposition of sanctions against Mr. Johnson and Green. The court will address each argument in turn below.

**A.** *Res Judicata*

The defendants' main argument in favor of Rule 11 sanctions is that Mr. Johnson's claims are barred by *res judicata*. Pursuant to the full faith and credit statute, "records and judicial proceedings or copies thereof, so authenticated, shall have the

same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken." 28 U.S.C. § 1738. "It is now well settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); see also Carroll v. City of Cleveland, No. 11-4025, 2013 WL 1395900, at *3 (6th Cir. Apr. 5, 2013) (citing Migra, 465 U.S. at 81). In determining whether a prior state court judgment precludes a federal claim, the federal court must apply the rendering state's law to resolve the question of preclusion. See Carroll, 2013 WL 1395900, at *3 ("This, of course, is a question of state law. We therefore examine Ohio law to determine whether *res judicata* bars Appellants' action."). Therefore, this court must apply Tennessee law to determine if the judgment in Mrs. Johnson's state case precludes Mr. Johnson from bringing his federal case.

In Tennessee, *res judicata* "broadly refers to [a]n issue that has been definitively settled by judicial decision." In re Estate of Goza, 397 S.W.3d 564, 570 (Tenn. Ct. App. 2012) (quoting Regions Fin. Corp. v. Marsh USA, Inc., 310 S.W.3d 382, 392 (Tenn. Ct. App. 2009)) (internal quotation marks omitted). "It is narrowly defined as a claim preclusion doctrine that bars a second suit between the

-11-

same parties or their privies on the same cause of action with respect to all issues which were or could have been raised in the former suit." Id. (quoting Regions, 310 S.W.3d at 392; State ex rel. Cihlar v. Crawford, 39 S.W.3d 172, 178 (Tenn. Ct. App. 2000)) (internal quotation marks omitted). For a claim to be precluded, the party asserting preclusion must demonstrate:

> (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits.

Jackson v. Smith, 387 S.W.3d 486, 491 (Tenn. 2012) (citing Lien v. Couch, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998)). The "broad definition" of *res judicata* in Tennessee also generally includes collateral estoppel, or issue preclusion. In re Estate of Goza, 397 S.W.3d at 570 (citing State v. Thompson, 285 S.W.3d 840, 848 (Tenn. 2009)). For a specific issue to be precluded, the moving party must demonstrate:

> (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

Mullins v. State, 294 S.W.3d 529, 535 (Tenn. 2009) (citing Gibson v. Trant, 58 S.W.3d 103, 118 (Tenn. 2001) (Birch, J., concurring

-12-

and dissenting)). Furthermore, "if a controlling case is fatal to a claim and a reasonably competent attorney would have discovered the authority through research, the claim is not well grounded in law. This includes claims that are barred by *res judicata*." Brooks, 2011 WL 3684774, at *3 (citing Balfour Guthrie, 118 F.R.D. at 74).

It appears that the defendants have satisfied most of the elements of claim and issue preclusion. However, in order for a prior judgment to have a preclusive effect under either claim or issue preclusion, it must also be a "final judgment."[9] "[I]n Tennessee, a judgment from a case in which an appeal is pending is not final and cannot be *res judicata* until all appellate remedies have been exhausted." In re Shyronne D.H., No. W2011-00328-COA-R3-PT, 2011 WL 2651097, at *6 (Tenn. Ct. App. July 7, 2011); see also Creech v. Addington, 281 S.W.3d 363, 377-78 (Tenn. 2009) (explaining that in Tennessee, a judgment is not final for purposes of *res judicata* if an appeal is pending); Wilkerson v. Leath, No. E2011-00467-COA-R3-CV, 2012 WL 2361972, at *6 (Tenn. Ct. App. June 22, 2012) ("The parties agree that Wife's appeal of the judgment of conviction is pending on appeal to the Court of

---

[9]The court notes that the defendants' motion for sanctions makes no mention of the requirement of finality as an element of *res judicata* under Tennessee law, even though the defendants cite and rely heavily on Gerber v. Holcomb, 219 S.W.3d 914 (Tenn. Ct. App. 2006), a case in which the court expressly stated that *res judicata* requires the prior judgment to be "final and on the merits." Id. at 917.

-13-

Criminal Appeals. Accordingly, we conclude that the judgment of conviction cannot be used for collateral estoppel purposes because the judgment of conviction is not a final judgment."). In light of the fact that Mrs. Johnson's case is currently on appeal, the state court judgment is not "final," and thus, Mr. Johnson's federal case is not barred by *res judicata*. For this reason, it is recommended that the motion for sanctions be denied as to the defendants' *res judicata*-based arguments.

**B. Lack of Evidentiary Support**

The defendants further contend that imposing Rule 11 sanctions is appropriate because Mr. Johnson's claims of disability and racial discrimination lack evidentiary support. Additionally, the defendants argue that Mr. Johnson has no viable claims against Hastings, Lewallen, and the Law Firm. With respect to Mr. Johnson's claim of disability-based discrimination, the court submits that it would not be appropriate at this stage to impose sanctions based on a purported lack of evidentiary support for those claims. The factual and legal issues surrounding Mr. Johnson's disability-based discrimination claims are still in dispute, and based on the present record, the court cannot conclude that Mr. Johnson or Green has violated Rule 11 by pursuing the disability-based discrimination claims.

However, with respect to Mr. Johnson's (1) racial discrimination claims against all defendants and (2) claims brought

against Hastings, Lewallen, and the Law Firm, the court finds that it was not objectively reasonable under the circumstances for Mr. Johnson to bring those claims. Mr. Johnson has not shown that those claims were warranted by existing law or by a nonfrivolous argument for extending existing law, or that the factual contentions had evidentiary support or would likely have had evidentiary support after discovery. <u>See</u> Fed. R. Civ. P. 11(b)(2),(3). Indeed, these claims were later dismissed by the court, without objection from the plaintiff. The court submits that Mr. Johnson violated Rule 11 by filing his *pro se* complaint with these claims and continuing to pursue these claims in litigation.

Whether Green also violated Rule 11 is a closer question. Green appeared as counsel of record for Mr. Johnson on December 17, 2012, and was immediately presented with the defendants' proposed Rule 11 motions. Only two weeks later, he defended the Johnsons at their depositions, which had been set by notices served on December 17. Shortly thereafter, he notified Rasmussen that he had discussed with his client the issues raised in the Rule 11 motion, and informed her that "I do not have authority to dismiss any Defendants presently, but may have such authority in the near future." Although Green filed a response in opposition to the Rule 11 motion, he stated in his opposition brief that he was consulting with his client and would "reassess the ample [Rule 11 motion]

filed by the Defendants, [and] refine any allegations and claims . . . ." At the May 28 motions hearing, Green stated that he did not dispute the defendants' *ore tenus* motion to dismiss the racial discrimination claims and dismiss Hastings, Lewallen, and the Law Firm. Although Green could have taken steps sooner to dismiss these claims and three defendants, the court finds that Green's actions do not amount to a violation of Rule 11. Thus, sanctions are not warranted as to him.

**C.   Other Grounds for Rule 11 Sanctions**

The defendants raise a variety of other grounds for imposing Rule 11 sanctions. The defendants contend that imposing sanctions is appropriate because Mr. Johnson failed to join Mrs. Johnson as a party, thereby causing unnecessary delay and needlessly increasing the cost of litigation, in violation of Rule 11(b)(1). The defendants have not cited any authority, and the court is unaware of any, to support the proposition that a plaintiff's failure to join a party under Fed. R. Civ. P. 19(a)(1)(B)(ii) implicates Rule 11.

The defendants contend that Rule 11 sanctions are warranted because the Johnsons allegedly gave false testimony at their deposition regarding whether they still own the condo and because Mr. Johnson provided misleading information about his assets in his *in forma pauperis* affidavit. To the extent the defendants challenge the veracity of the Johnsons' deposition testimony, that

-16-

testimony by itself does not qualify as a "pleading, written motion, or other paper." Fed. R. Civ. P. 11(b). Moreover, Rule 11 does not apply to discovery violations, as subsection (d) states that "[t]his rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rule 26 through 37." Fed. R. Civ. P. 11(d). As to the defendants' argument that Mr. Johnson should be sanctioned under Rule 11 for submitting a misleading *in forma pauperis* affidavit, the court has already addressed this issue in its order entered on October 15, 2012, in which it gave Mr. Johnson the option of either filing an amended *in forma pauperis* affidavit or paying the civil filing fee. Mr. Johnson, in a motion filed on October 31, 2012, attempted to explain the reasons for omitting certain assets, but ultimately opted to pay the filing fee instead. Under these facts, the court submits that Rule 11 sanctions are not warranted.

Finally, the defendants contend that this court should abstain from deciding this case under the doctrine of "prior suit pending," until the Tennessee Court of Appeals decides Mrs. Johnson's pending appeal. Under that doctrine, "if there is another suit pending in a court of concurrent jurisdiction between the same parties, concerning the same subject matter, and for the same object, the defendant to the second suit may plead the pendency of the former suit as a defense to the second." Estate of McFerren v. Infinity Transp., 197 S.W.3d 743, 746 (Tenn. 2006) (citing Metro. Dev. &

Housing Agency v. Brown Stove, 637 S.W.2d 876 (Tenn. Ct. App. 1982)). However, as the Sixth Circuit has stated, "[t]he Tennessee doctrine of 'prior suit pending' . . . is a state law doctrine which plainly does not apply to federal courts." Laney Brentwood Homes v. Town of Collierville, 144 F. App'x 506, 511 (6th Cir. 2005). Moreover, the defendants have not explained how or why this doctrine, or any other abstention doctrine, implicates Rule 11.

### III. RECOMMENDATION

The court, having concluded that Mr. Johnson has violated Rule 11, must determine the appropriate sanction to impose. As the Sixth Circuit has stated, "the district court has substantial discretion to determine the nature of the sanctions it imposes." Rentz v. Dynasty Apparel Indus., 556 F.3d 389, 402 (6th Cir. 2009). The defendants have requested an award of attorney's fees and costs incurred as a result of defending this lawsuit. The court submits that monetary sanctions are not warranted under the circumstances. The gravamen of Mr. Johnson's complaint is that the Association discriminated against him on the basis of his disability by denying him use of his "service dogs." As explained above, that claim remains pending, and Mr. Johnson's prosecution of that claim does not violate Rule 11. The court also takes into consideration Mr. Johnson's *pro se* status. Brooks, 2011 WL 3684774, at *2. Instead, the court submits that the appropriate sanction in this case should be dismissal of the nonmeritorious claims. Thus, the court

-18-

recommends that all claims against defendants Hastings, Lewallen, and the Law Firm, as well as all race-based discrimination claims against all defendants, be dismissed with prejudice.[10]

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 9, 2013
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

[10] The court recognizes that these claims have already been dismissed pursuant to the Report and Recommendation submitted on May 28 and the July 2 order adopting the Report and Recommendation. The court notes that the *ore tenus* motion to dismiss made by the defendants at the May 28 hearing arose directly as a result of the instant motion for Rule 11 sanctions. The grounds for granting the unopposed *ore tenus* motion to dismiss are the same grounds for which the court recommends dismissal of the claims as a sanction under Rule 11. Due in large part to the intertwining nature of the two motions, the proposed sanction mirrors the relief granted on the *ore tenus* motion to dismiss.