```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| CECIL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12-2118 |
| | ) |
| BELVEDERE GARDENS CONDOMINIUMS | ) |
| ASSOCIATION, INC., et. al, | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are the February 14, 2013 Motion for Sanctions by Defendants Belvedere Gardens Condominiums Association, Inc. ("Belvedere"), Barbara Williams Hastings ("Hastings"), JoAnn Lewallen ("Lewallen"), and the law firm of Dinkelspiel, Rasmussen and Mink PLLC (the "Law Firm") (collectively, "Defendants") and the Magistrate Judge's July 9, 2013 Report and Recommendation (the "Report"). (Motion for Sanctions, ECF No. 37); (Report, ECF No. 73.) On July 19, 2013, Defendants objected to the Report. (Objections, ECF No. 78.) The Magistrate Judge recommends against monetary sanctions or dismissing the disability claims brought by Plaintiff Cecil Johnson ("Cecil Johnson"). (Report 18.) For the following

reasons, the Court ADOPTS the Magistrate Judge's Report and OVERRULES Defendants' objections.

**I. Background**

The relevant facts are set out in the Report. Neither party objects to the facts. The Court ADOPTS the Magistrate Judge's findings of fact in their entirety.

Cecil Johnson and Ruby Johnson ("Ruby Johnson") (collectively, the "Johnsons"), who are African-American, are married and own a condominium located at 91 North Belvedere Boulevard, Unit #15, in Memphis, Tennessee (the "Condo"). (Report 2.) By virtue of owning the Condo, the Johnsons are subject to Belvedere's Master Deed governing residents. (Id.) Belvedere requires that pets weigh less than twenty pounds and be no taller than fourteen inches. (Id.) Dogs of a vicious nature are not permitted on the premises. (Id.)

The Johnsons own two dogs (the "dogs"), an Akita and a German Shepherd. (Id.) Cecil Johnson alleges that a hip replacement has limited his mobility, and that the dogs are service animals. (Id. 5.) After multiple complaints of incidents involving the dogs, Belvedere filed suit against Ruby Johnson in the Circuit Court of Shelby, County, Tennessee (the "Circuit Court"). Belvedere Gardens Condominium Association, Inc. v. Johnson, No. CT-002982-11 (the "State Case"). Cecil Johnson was not named as a defendant in the State Case because

2

he was under Chapter 13 bankruptcy protection. (Report 3.) Although Cecil Johnson was not a party, he actively assisted his wife in defending the State Case. (Id.)

On June 23, 2011, the Circuit Court issued a temporary restraining order requiring that the dogs be removed from the Condo. (Id.) On July 22, 2011, the Circuit Court issued a temporary injunction, again ordering Ruby Johnson to remove the dogs. (Id.) In response to the injunction, Ruby Johnson filed a motion asserting that Cecil Johnson had a disability and that the dogs were service animals. (Id.)

On February 10, 2012, while the State Case was pending, Cecil Johnson, who was no longer in bankruptcy proceedings, filed the instant case pro se. (Id.) On February 13, 2012, the Johnsons filed a complaint with the Tennessee Human Rights Commission ("THRC"), alleging race and disability discrimination in violation of Tennessee law. (Id. 4.) On March 1, 2012, the THRC sent two letters to Belvedere, one notifying it that a discrimination complaint had been filed against it and a second requesting that Belvedere refrain from pursuing any legal action until the THRC's investigation had been completed. (Id.)

Belvedere did not refrain from pursuing the State Case. A trial was held on April 23, 2012. (Id.) On May 1, 2012, the Circuit Court entered judgment in favor Belvedere, ordering the dogs permanently removed from the Condo and awarding Defendants

fees and costs in the amount of $15,294.92. (Id.) The Circuit Court found no evidence that Cecil Johnson or anyone in the household had a disability or that Defendants discriminated against him. (Id.) Ruby Johnson timely appealed, and the appeal remains pending. (Id.) The Johnsons did not comply with the Circuit Court's judgment. (Id. 5.)

Cecil Johnson alleges that Defendants retaliated and discriminated against him on the basis of his disability, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12182, et seq., the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(f), et seq., and the Rehabilitation Act, 29 U.S.C. §§ 794, et seq. (Compl. 1.) His race-based claim arises from Belvedere's allegedly giving preferential treatment to Caucasian homeowners. Belvedere allegedly granted a reduction in unpaid dues for a Caucasian homeowner while requiring Cecil Johnson to pay his dues in full. (Id. 6.) Cecil Johnson's disability-based claims arise from Belvedere's refusal to allow his dogs to live at the Condo. (Id.)

On December 17, 2012, attorney Gerald Green ("Green") filed a notice of appearance as counsel for Cecil Johnson. (Id.) The next day, counsel for Defendants sent Green a letter with two potential Rule 11 motions enclosed. (Id. 6-7.) On January 9, 2013, Green sent an email to Defendants' counsel, saying he had advised Cecil Johnson to dismiss his claims based on payment of

4

homeowner dues and to dismiss the Law Firm and the individually-named defendants. (Id. 7.) Green represented that he did not have the authority to dismiss any of the defendants, "but may have such authority in the near future." (ECF No. 37-14, Ex. 13.) On January 10, 2013, Defendants' counsel responded to Green, requesting that the case be dismissed and again warning of the possibility of sanctions under Rule 11. (Id.) Green never responded. On February 14, 2013, Defendants filed a motion for sanctions.

**II. Standard of Review**

Congress intended 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made.

Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

"Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection." McCready v. Kamminga, 113 F. App'x 47, 49 (6th Cir. 2004). A general objection "is considered the equivalent of failing to object entirely." Id. (citing Howard v. Sec. of Health Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)).

**III. Analysis**

Defendants object that the sanctions recommended by the Magistrate Judge are insufficient under Rule 11. Defendants argue that, because the Magistrate Judge relied on Rule 12 rather than Rule 11, "essentially no sanctions were imposed." (Objections 3.) Defendants object to the Magistrate Judge's considering Johnson's pro se status, given that he had been represented by counsel since December 2012. Defendants object to the Magistrate Judge's refusal to dismiss the entire case based on the doctrine of *res judicata*.

Rule 11 provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's

6

> knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Rule 11(c)(1) provides that sanctions "may" be imposed, meaning that a court's decision to impose sanctions is discretionary. Rentz v. Dynasty Apparel Indus., Inc., 556 F.3d 389, 395 (6th Cir. 2009). Sanctions under Rule 11 "'must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.'" (quoting Fed. R. Civ. P. 11(c)(4)).

Rule 11 "de-emphasizes monetary sanctions and discourages direct payouts to the opposing party," Ridder v. City of Springfield, 109 F.3d 288, 294 (6th Cir. 1997). Rule 11 explicitly provides for expenses "incurred as a direct result of the violation" to be paid directly to the opposing party "if imposed on motion and warranted for effective deterrence." Fed. R. Civ. P. 11(c)(2). Other sanctions may include "nonmonetary directives; an order to pay a penalty into court; or if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees." Fed. R. Civ. P. 11(c)(4).

Although Cecil Johnson is currently represented by counsel, he was pro se when he filed his Complaint. The Magistrate Judge recommended limiting sanctions to dismissing Cecil Johnson's race-based claims because Cecil Johnson was pro se when he initiated suit. Pleadings filed by pro se litigants are to be "construed more liberally than pleadings drafted by lawyers." Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992). Pro se plaintiffs, however, "are not automatically entitled to take every case to trial." Pilgram v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). They "must comply with Rule 11 and make a reasonable inquiry as to whether a complaint is well-grounded in fact and warranted by existing law." Stevens v. Mooney, No. 95-1757, 1996 WL 125048, at *1 (6th Cir. Mar. 20, 1996).

Motions for sanctions under Rule 11 are "measured against an objective standard of reasonableness under the circumstances." Gibson v. Solideal USA, Inc., 489 F. App'x 24, 29 (6th Cir. 2012) (quoting Merritt v. Int'l Ass'n of Machinists and Aerospace Workers, 613 F.3d 609, 626 (6th Cir. 2010)) (internal quotation marks omitted). Rule 11 imposes a continuing duty, and litigants must refrain from pursuing meritless or frivolous claims as the litigation progresses. Dearborn St. Bldg. Assocs. v. Huntington Nat'l Bank, 411 F. App'x 847, 850 (6th Cir. 2011). "[A]n individual's subjective good faith belief in the merits of a case is not enough to prevent a violation of Rule 11 and possible Rule 11 sanctions." Brooks v. Whirlpool Corp., No. 1:10-cv-01098-JDB-cgc, 2011 WL 3684774, at *2 (W.D. Tenn. Aug. 23, 2011) (citing Tahfs v. Proctor, 316 F.3d 584, 594 (6th Cir. 2002)).

Sanctions may be imposed on a represented plaintiff if at the time the sanctionable claim was filed, the plaintiff was pro se. Id. ("[A]lthough Plaintiff . . . [was] represented by an attorney, at the time he filed the pleading that violated Rule 11 he was a pro se litigant.").

The Magistrate Judge concluded that Cecil Johnson had violated Rule 11 and recommended that his race-based claims and claims brought against the individual defendants be dismissed. The Magistrate Judge recommended dismissing those claims because

9

they were not objectively reasonable and because Cecil Johnson had not "shown that th[e] claims were warranted by existing law or by a nonfrivolous argument for extending existing law, or that the factual contentions had evidentiary support or would likely had have evidentiary support after discovery." (Report 15.)

Although the Report recommends dismissing Cecil Johnson's frivolous claims, the Magistrate Judge previously recommended that those claims be dismissed under Rule 12 of the Federal Rules of Civil Procedure. (May 28, 2013 Report, ECF No. 66) ("May 28 Report.") The Court adopted the May 28 Report, and Cecil Johnson's frivolous claims have been dismissed. (Order Adopting Report and Recommendation, ECF No. 71.)

The Magistrate Judge does not recommend imposing Rule 11 sanctions on Johnson's disability-based claims, reasoning "that it would not be appropriate at this stage to impose sanctions based on a purported lack of evidentiary support . . . [because] [t]he factual and legal issues surrounding [] Johnson's disability-based discrimination claims are still in dispute." (Report 14.)

The Magistrate Judge concluded, and the Court agrees, that dismissal of all of Cecil Johnson's claims would not be appropriate. Although Cecil Johnson's race-based claims are frivolous, there is nothing in the record to suggest that he

filed his disability claims with "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). The Magistrate Judge's recommendation has the effect of separating Johnson's non-meritorious claims from those that remain live and plausible. Dismissal of all of Johnson's claims, even those whose adequacy have not been tested, serves no apparent deterrent effect.

Defendants object that the Magistrate Judge's Report effectively fails to sanction Cecil Johnson, given that his non-meritorious claims were dismissed under Rule 12. In other words, limiting sanctions to claims that have already been dismissed is a hollow gesture. Defendants' objection is not well taken. A pro se litigant's "experience or inexperience will not revoke a sanction imposed under Rule 11 but <u>may affect the severity of the penalty</u>." <u>Brooks</u>, 2011 WL 3684774, at *2 (emphasis added) (citation omitted). Limiting the sanction to Cecil Johnson's race-based claims and claims against the individual defendants recognizes the deference accorded to pro se plaintiffs and deters a plaintiff from engaging in similar conduct. Dismissing Cecil Johnson's meritorious, untested disability claim would be a drastic sanction beyond that necessary to deter future misconduct.

Defendants object that the Magistrate Judge analyzed Johnson's claims as if he were a pro so litigant. Courts in this district evaluate a party's claim based on whether he was represented by counsel when the complaint was filed. See id. ("[A]lthough Plaintiff . . . [is] represented by an attorney, at the time he filed the pleading that violated Rule 11 he was a pro se litigant."). Although a pro se plaintiff is subject to Rule 11, his claims are "construed more liberally than pleadings drafted by lawyers." Browman, 981 F.2d at 903. Because Cecil Johnson was pro se when he filed his complaint, his claims are construed less rigorously than pleadings drafted by lawyers.

Defendants object that they are entitled to fees and costs associated with defending against the non-meritorious claims. The Magistrate Judge concluded, and the Court agrees, that the gravamen of Johnson's claim is that he was discriminated against because of his disability. (Report 18.) That claim is pending, and Johnson's prosecution of that claim does not violate Rule 11. Awarding Defendants fees and costs associated with defending against Johnson's meritorious and non-meritorious claims would require the Court to award amounts incurred in the defense of some claims that are meritorious. It would be impossible to separate the costs and fees incurred in defending against Johnson's meritorious and non-meritorious claims. Even if determining an award were possible, Rule 11's "ultimate goal

is deterrence, rather than compensation." Ridder, 109 F.3d at 294. Because identifying costs and fees "incurred as a direct result of the violation" includes potentially comingling costs and fees associated with defending Cecil Johnson's meritorious claims, and because Rule 11's primary goal is deterrence, Defendants' objection is not well taken. Fed. R. Civ. P. 11(c)(2).

Defendants object that the Magistrate Judge declined to give effect to the judgment in the State Case. In Tennessee, *res judicata* "broadly refers to [a]n issue that has been definitively settled by judicial decision." In re Estate of Goza, 397 S.W.3d 564, 570 (Tenn. Ct. App. 2012) (quoting Regions Fin. Corp. v. Marsh USA, Inc., 310 S.W.3d 382, 392 (Tenn. Ct. App. 2009)) (internal quotation marks omitted). "It is narrowly defined as a claim preclusion doctrine that bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been raised in the former suit." Id. (quoting Regions, 310 S.W.3d at 392; State ex rel. Cihlar v. Crawford, 39 S.W.3d 172, 178 (Tenn. Ct. App. 2000)) (internal quotation marks omitted).

For a claim to be precluded, the party asserting preclusion must demonstrate:

> (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits,

> (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits.

Jackson v. Smith, 387 S.W.3d 486, 491 (Tenn. 2012) (citing Lien v. Couch, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998)). The "broad definition" of *res judicata* in Tennessee also generally includes collateral estoppel, or issue preclusion. In re Estate of Goza, 397 S.W.3d at 570 (citing State v. Thompson, 285 S.W.3d 840, 848 (Tenn. 2009)).

For a specific issue to be precluded, the moving party must demonstrate:

> (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

Mullins v. State, 294 S.W.3d 529, 535 (Tenn. 2009) (citation omitted).

In the context of motions for sanctions under Rule 11, "if a controlling case is fatal to a claim and a reasonably competent attorney would have discovered the authority through research, the claim is not well grounded in law. This includes

14

claims that are barred by *res judicata*." Brooks, 2011 WL 3684774, at *3 (citation omitted).

The Magistrate Judge concluded, and the Court agrees, that, although Defendants have satisfied most of the elements of claim and issue preclusion, there has been no final judgment. Defendants argue that final judgment was entered after the trial on the merits in the State Case, but there has been no final disposition. That case remains on appeal. "[I]n Tennessee, a judgment from a case in which an appeal is pending is not final and cannot be *res judicata* until all appellate remedies have been exhausted." In re Shyronne D.H., No. W2011-00328-COA-R3-PT, 2011 WL 2651097, at *6 (Tenn. Ct. App. July 7, 2011); see also Creech v. Addington, 281 S.W.3d 363, 377-78 (Tenn. 2009) (explaining that in Tennessee a judgment is not final for purposes of *res judicata* if an appeal is pending). The judgment in the State Case is not final, and Johnson's federal case is not barred by *res judicata*.

**IV. Conclusion**

For the foregoing reasons, Defendants' objections are OVERRULED and the Court ADOPTS the Report of the Magistrate Judge.

So ordered this 12th day of August, 2013.

s/ Samuel H. Mays, Jr.

15

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE